1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BILLY WILLINGHAM,

               Plaintiff(s),

    v.

MATT BLACKBURN, et al.,

            Defendant(s).

CASE NO. C25-0438-KKE

ORDER GRANTING DEFENDANTS'
MOTION FOR A MORE DEFINITE
STATEMENT

Plaintiff Billy Willingham, representing himself, filed a complaint bringing claims against Defendants Matthew Blackburn and the Seattle Police Department for violations of 42 U.S.C. § 1983 and state law claims for negligence and intentional infliction of emotional distress, stemming from Willingham's experience as a police informant.  Dkt. No. 5.  Defendants filed a motion to dismiss for failure to state a claim or, in the alternate, to require Willingham to file a more definite statement.  Dkt. No. 14.  Willingham did not file an opposition to that motion by the deadline.  *See* Local Rules W.D. Wash. LCR 7(d)(4).

The Court agrees with Defendants that Willingham's complaint lacks sufficient detail to either allow Defendants to respond or the Court to determine the viability of the claims.  *See* Dkt. No. 14 at 8–9.  A complaint must include "a short and plain statement of the grounds for the court's jurisdiction; ... a short and plain statement of the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought[.]"  Fed. R. Civ. P. 8(a)(1)–(3).  Here, Willingham's

complaint does not reference facts showing that he is entitled to relief.  Dkt. No. 5.  But rather than dismiss Willingham's complaint as deficient, the Court GRANTS Defendants' motion for a more definite statement under Federal Rule of Civil Procedure 12(e) (Dkt. No. 14) as follows:

(1) No later than July 31, 2025, Willingham must file an amended complaint that contains the following information:

    a. the specific conduct Blackburn engaged in that supports Willingham's allegation that Blackburn coerced Plaintiff into being an informant;

    b. a specific description of any acts Willingham engaged in that supports his allegation that he worked as an informant on Blackburn's behalf;

    c. a specific description of the Seattle Police Department/City of Seattle policies, traditions, or customs that Willingham alleges Blackburn acted under; and,

    d. the date of each incident alleged in the complaint, as well as the time, place, and persons involved.

(2) The amended complaint will entirely replace the first complaint.  *See, e.g.*, *Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012).  If an amended complaint is not timely filed, the Court may dismiss Willingham's claims.

Dated this 2nd day of July, 2025.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT - 2